Filed 8/13/14  In re Salvador A. CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re SALVADOR A., JR., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | F067296 |
| Plaintiff and Respondent, | (Super. Ct. No. JW122919-07) |
| v. | |
| SALVADOR A., JR., | **OPINION** |
| Defendant and Appellant. | |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  H.A. Staley, Judge.  (Retired judge of the Kern Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)

Johanna R. Pirko, under appointment by the Court of Appeal, for Defendant and Appellant.

---

[*]     Before Cornell, Acting P.J., Franson, J. and Chittick, J.[†]

[†]     Judge of the Superior Court of Fresno County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and John G. McLean, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

## INTRODUCTION

Appellant Salvador A., Jr., contends the identification procedure used to identify him as a participant in gang-related offenses was unduly suggestive and, absent this identification, the evidence was insufficient to sustain the Welfare and Institutions Code section 602 petition. We reject his contention and affirm the order.

## FACTUAL AND PROCEDURAL SUMMARY

High school students Jorge P. and John P. got out of school at 2:47 p.m. on January 10, 2013. After going home to change clothes, they walked together towards a gym. At approximately 3:10 p.m., as they walked through a park, a group of 10 to 15 males began calling them "scraps" and asking if they were "Southerners." "Scraps" is a derogatory term used by members of the Norteños (Northerners) street gang to refer to members of the Sureños (Southerners) street gang; the Norteños and Sureños are rivals.

Jorge responded, "I don't bang." Jorge and John continued walking toward the gym. The group of males divided up, surrounded Jorge and John, and began attacking them. All of those in the group attacking Jorge participated in hitting and kicking him; all of those in the group attacking John participated in striking and kicking him. Among those attacking John were Salvador, Shawn P., and Ricardo V. Shawn took John's wallet and cell phone from his pants pocket as he lay on the ground. During the attack, the attackers were saying "north side" and "fuck scraps."

Jorge was trying to fight off his attackers and the group surrounding John went to assist in the attack on Jorge. Salvador, Shawn, and Ricardo all participated in the attack

2.

on Jorge. As the attack ended, members of the school track team arrived and told Jorge and John that the coach wanted to see them; both returned to school.

Jorge suffered a black eye, swollen face, cut lip, and some scratches; he was transported to the hospital. John suffered a cut lip, bruises, and was sore; he was not taken to the hospital.

About five to 10 minutes after the attack, John was taken by a security guard to where Salvador, Shawn, and Ricardo were being detained by police. He identified all three of them as being involved in the attack. John recognized Salvador because of his face and his clothes.

When John made the identification, he was standing outside the security guard's truck and was about 30 to 60 feet away from where Salvador was being detained. The three minors being detained were not handcuffed and were standing close together. John did not recall if the police officer told him anything before the identification. He thought the minors were seated at the time of his identification; one officer believed they were standing.

After identifying Ricardo, Shawn, and Salvador, John was shown another person who had been detained by police. John stated that person was not involved in the attack. Jorge was not able to identify any of his attackers.

Officers gave the standard advisement pursuant to *Miranda v. Arizona* (1966) 384 U.S. 436 to Salvador; he acknowledged he understood his rights; and he agreed to speak to officers. Salvador admitted he was a Norteño gang member and had been at the park; he claimed he had been waiting for his brother at the location where he was detained. When asked about the robbery of John, Salvador stated he did not take anything and that had he taken anything, it would have been found on him.

On January 14, 2013, a juvenile wardship petition was filed in Kern County Superior Court charging Salvador with two counts of second degree robbery, two counts of assault by means of force likely to produce great bodily injury, and one count of active

participation in a criminal street gang. It also was alleged as to the robbery and assault counts that Salvador committed the offenses for the benefit of a criminal street gang. The count pertaining to the robbery of Jorge also had an enhancement alleging Salvador personally inflicted great bodily injury. Finally, it was alleged that Salvador was on probation at the time he committed the offenses and that the offenses constituted a violation of probation.

At trial, John testified the attack lasted one to two minutes. He recalled his attackers wore T-shirts, baggy jeans, and rosaries. He did not recall specifically what Salvador was wearing, but he did recall his face. At the time of his arrest, Salvador was wearing a white sleeveless T-shirt.

Police Officer Jared Lukehart testified as a gang expert. He indicated the Norteños were an active street gang in Delano at the time of the attack. There were several subsets of the Norteños gang in Delano. The primary activities of the gang included petty theft, burglary, assaults, vehicle theft, and homicide.

Lukehart also testified to predicate offenses committed by the Norteños. He opined that Salvador, Shawn, and Ricardo were members of the Norteños street gang, the charged offenses were committed for the benefit of the gang, and the offenses furthered the activities of the gang.

Salvador's grandmother testified that Salvador was at her house from 1:25 p.m. to 2:45 p.m. on the day of the attack.

On motion by the People, one robbery count was dismissed. The juvenile court found all of the remaining allegations and enhancements to be true. Salvador was committed to the California Department of Corrections and Rehabilitation, Division of Juvenile Justice, with a maximum term of confinement set at six years.

## DISCUSSION

Salvador's sole contention on appeal is that the in-field identification was unduly suggestive and, absent this identification, there was insufficient evidence to sustain the allegations of the petition. We reject his contention.

First, we find merit to the People's initial contention that Salvador has raised this issue for the first time on appeal and the matter, therefore, is subject to forfeiture and waiver. In *People v. Cunningham* (2001) 25 Cal.4th 926, 989 (*Cunningham*), the Supreme Court found waiver applicable where the defendant waited until after the prosecution had presented its entire case before objecting that identification procedures were unduly suggestive and later identification was based upon the unduly suggestive identification. (*Ibid.*) The defendant attacked the identification as part of a motion for judgment of acquittal, asserting the evidence was insufficient without the identification. (*Ibid.*) Here, there was no motion to suppress the identification, exclude evidence of the in-field identification, or any objection to this testimony in the juvenile court. Salvador's failure to timely raise this issue in the juvenile court constitutes a waiver of the issue on appeal. (*Ibid.*)

Second, were we to overlook waiver of the issue, we would conclude the identification of Salvador was not unduly suggestive; therefore, substantial evidence supports the true findings.

"A pretrial identification procedure violates a defendant's due process rights if it is so impermissibly suggestive that it creates a very substantial likelihood of irreparable misidentification. The defendant bears the burden of proving unfairness as a 'demonstrable reality,' not just speculation. [Citations.]" (*People v. Contreras* (1993) 17 Cal.App.4th 813, 819; see *People v. DeSantis* (1992) 2 Cal.4th 1198, 1222.)

In considering whether the totality of the circumstances suggests a misidentification because an eyewitness has been subjected to undue suggestion, a court looks to numerous factors, such as (1) the opportunity of the witness to view the suspect

5.

at the time of the offense, (2) the accuracy of the witness's prior description of the suspect, (3) the level of certainty demonstrated at the time of the identification, (4) the witness's degree of attention at the time of the incident, and (5) the lapse of time between identification and the incident.  (*Cunningham, supra,* 25 Cal.4th at p. 989.)

Here, John had the opportunity to view Salvador during the attack.  He was certain of his identification of Salvador because (1) he remembered and recognized Salvador's face and clothes; (2) he demonstrated resistance to any suggestiveness from the procedure when he determined one person not to be involved in the attack; and (3) he made the initial identification within minutes of the attack.  John also identified Salvador as one of his attackers during the jurisdictional hearing.

John's identification of Salvador as one of his attackers constitutes substantial evidence; a single witness's out-of-court identification can constitute substantial evidence supporting a conviction.  (*People v. Cuevas* (1995) 12 Cal.4th 252, 269.)  It is the exclusive province of the trier of fact to determine the credibility of witnesses and to evaluate the strength or weakness of identification evidence.  (*People v. Smith* (2005) 37 Cal.4th 733, 738-739.)  Any weaknesses and inconsistencies in eyewitness testimony go to the relative weight of the testimony, not its sufficiency.  (*People v. Allen* (1985) 165 Cal.App.3d 616, 623, 625.)

Salvador cites no portion of the record where irrefutable facts were established that preclude a finding he participated in the attacks on Jorge and John.  No such facts appear in the record.  (See *People v. Cruz* (1980) 26 Cal.3d 233, 244-245.)  An analysis of the factors set forth in *Cunningham* establishes that John's identification of Salvador was not made as a result of unduly suggestive procedures.  (*Cunningham, supra,* 25 Cal.4th at p. 989.)

Where the eyewitness identification was believed by the trier of fact, as here, that finding is binding on an appellate court unless there exists a physical impossibility or the falsity of the identification is apparent from the record without resort to inferences and

6.

deductions.  (*People v. Mayberry* (1975) 15 Cal.3d 143, 150.)  Salvador has failed to cite to any evidence presented in the juvenile court establishing physical impossibility or apparent falsity.  Our review discloses no such evidence in the record.  It is the exclusive province of the trier of fact to assess the credibility of witnesses and to draw reasonable inferences from the evidence, both direct and circumstantial.  (*People v. Elliot* (2005) 37 Cal.4th 453, 466.)

Based upon John's identification and testimony, a rational trier of fact could have found the essential elements of all counts true beyond a reasonable doubt.  (*People v. Staten* (2000) 24 Cal.4th 434, 460.)

**DISPOSITION**

The juvenile court's order is affirmed.